**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 08-1166**

————————

WILSON LOBE ESEME,

        Petitioner,

   v.

MICHAEL B. MUKASEY,

        Respondent.

————————

On Petition for Review of an Order of the Board of Immigration Appeals.

————————

Submitted: September 30, 2008     Decided: October 8, 2008

————————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Petition denied by unpublished per curiam opinion.

————————

Kell Enow, ENOW & PATCHA IMMIGRATION PRACTICE, Silver Spring, Maryland, for Petitioner. Gregory G. Katsas, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Kristina R. Sracic, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilson Lobe Eseme, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have reviewed the administrative record, the immigration judge's decision, and the Board's affirmance thereof, and find that substantial evidence supports the ruling that Eseme failed to establish a nexus between the past persecution he sustained and his political opinion. See 8 C.F.R. § 1208.13(a) (2008) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Such a causal nexus is required to support the grant of asylum. 8 U.S.C. § 1101(a)(42)(A) (2006); Abdel-Rahman v. Gonzales, 493 F.3d 444, 450-51 (4th Cir. 2007); Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir. 2005).

Additionally, we uphold the denial of Eseme's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378

F.3d 361, 367 (4th Cir. 2004).  Because Eseme fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, we affirm the denial of Eseme's request for protection under the CAT.  Our review of the record leads us to conclude that Eseme's evidence did not establish that it is more likely than not that he would be subjected to torture at the hands of government agents or with their acquiescence if he were to return to Cameroon.  See 8 C.F.R. § 1208.16(c)(2) (2008) (to establish eligibility for CAT protection, the applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review for the reasons stated by the Board.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED